THE TRUE REFORMED DUTCH CHURCH OF PARAMUS v. HARVEY ISERMAN ET AL.

Argued November 14, 1899—Decided February 26, 1900.

As between two opposing factions of a religious association, land acquired by the association before any schism arose will remain the property of that faction which abides by the doctrines, principles and rules of the church government which the united body professed when the land was acquired.

On rule to show cause.

Before Justices DIXON, GUMMERE and LUDLOW.

For the rule, *Corbin & Corbin.*

Contra, *Bakelaar & Gardner.*

The opinion of the court was delivered by

GUMMERE, J.    This is an application to dismiss an action of ejectment brought in the name of the plaintiff organization to recover from the defendants the possession of the church property, the ground of the application being that suit was brought by the attorneys without the authority of the officers of the church organization.

The question upon which the determination of this application depends is whether the parties at whose instigation this action was begun, or the defendants herein, are the rightful officers of the Paramus church.

The following is the situation disclosed by the testimony

taken on the rule to show cause: Prior to the 7th of January, 1899, Mr. Iserman and his co-defendants were the minister, elders and deacons, constituting the consistory of the True Reformed Dutch Church at Paramus. On or about that day they, together with a majority of the church congregation, voluntarily separated themselves from the Reformed Dutch Church—withdrawing from the classis of Hackensack (which is the governing body having jurisdiction over the Paramus church)—and applied for membership in the body of the Presbyterian Church. On the 7th of February following this seceding faction was received into membership in the latter organization. On the 12th of April thereafter an election was held by those members of the Paramus church who had not seceded to the Presbyterian organization with Mr. Iserman and his associates, and at that election the gentlemen by whose direction this suit was instituted were chosen as the consistory of the church. On the 18th of the same month the classis of Hackensack took action in the matter by formally deposing the defendants as the consistory of the Paramus church and striking their names from the church roll. At the same time they recognized as the true consistory those chosen at the church election held on the 12th of April. The defendants, notwithstanding their secession from the church and the subsequent proceedings above recited, still remain in possession of the church property.

On these facts we conclude that the attorneys who brought this suit had legal authority to institute the action. By voluntarily separating themselves from the Dutch church and joining the Presbyterian body the defendants abandoned the official positions in the former organization which they had theretofore held and left their offices vacant. The subsequent action of the Hackensack classis and of those members of the Paramus church who had remained true to the Reformed Dutch faith constituted those chosen at the April election the legal consistory of the church. This being so, they manifestly have a right to maintain this action. The majority of the members of a church cannot, having abandoned the religious

faith on which it is founded, hold the church property against the minority adhering to such faith. The title to property acquired by the association before the existence of a schism will remain in that faction of the association which abides by the doctrine, principles and rules of the church which the united body professed when the property was acquired. *Smith* v. *Pedigo*, 145 *Ind.* 361.

The rule to show cause will be discharged, with costs to the plaintiff.